FILED

18 MAY 16 PM 3:48

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-12384-4 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

COUNTY OF KING

| | |
|---|---|
| BRUCE RUNYAN, ROBERT SAMPSON, and JONN CALEB GOSS on behalf of themselves and on behalf of all others similarly situated, and on behalf of the MTC Transportation 401(k) Plan, | NO. |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | |
| MTC TRANSPORTATION INC. d/b/a/ MARK CLEMONS, a California corporation, HI PRO INC., a California corporation, and MARK CLEMONS individually and/or the marital community composed of MARK CLEMONS and JANE DOE CLEMONS, | |
| Defendants. | |

Plaintiffs Bruce Runyan, Robert Sampson, and Jonn Caleb Goss bring this action on their own behalf and on behalf of all others similarly situated and allege as follows:

## I. INTRODUCTION

1.1    <u>Nature of Action.</u> Plaintiffs Bruce Runyan, Robert Sampson, and Jonn Caleb Goss bring this class action against MTC Transportation Inc. ("MTC"), Hi Pro Inc. ("Hi-Pro"), and Mark Clemons (collectively "Defendants"). Defendants operate a freight and cargo trucking company that contracts with the United States Postal Service to transport mail between post office

**Exh. A, Page 1 of 26**

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

locations in Washington state. Plaintiffs allege Defendants have engaged in a common course of violating Washington's wage and hour laws and regulations, including failing to compensate their Washington-based driver employees for all hours of work, failing to provide their employees with the rest breaks and meal breaks to which they are entitled, failing to pay overtime wages, and failing to reimburse employees for necessary business expenses. Plaintiffs also allege that Defendants have engaged in a common course of breaching their fiduciary duties with regard to the MTC Transportation 401(k) Plan in violation of the Employment Retirement Income Security Act.

## II. JURISDICTION AND VENUE

2.1     <u>Jurisdiction.</u> Defendants are within the jurisdiction of this Court. Defendants conduct business in Washington. Defendants hire drivers that reside in Washington state and have commercial driver's licenses issued by the state of Washington. Defendants operate under contract with the U.S. Postal Service in Washington state. Thus, Defendants have obtained the benefit of the laws of Washington as well as Washington's commercial and labor markets.

2.2     <u>Venue.</u> Venue is proper in King County because Defendants operate and transact business in King County, and Plaintiffs performed work for Defendants in King County.

2.3     <u>Governing Law.</u> The claims asserted on behalf of Plaintiffs and Class members in this complaint are brought under Washington's wage and hour laws and the Employment Retirement Income Security Act, 29 U.S.C. § 1000 et seq. ("ERISA").

## III. PARTIES

3.1     <u>Plaintiff Bruce Runyan.</u> Plaintiff Bruce Runyan worked for Defendants from approximately May 2015 to August 15, 2017. Plaintiff Runyan worked as a driver for Defendants and transported loads between U.S. Postal Service locations within Washington. Plaintiff Runyan has a commercial driver's license issued by the state of Washington. Plaintiff Runyan performed work for Defendants in Washington, including in King County. During his employment with Defendants, Plaintiff Runyan was a resident of Sedro-Woolley, Washington.

**Exh. A, Page 2 of 26**

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

3.2    <u>Plaintiff Robert Sampson.</u> Plaintiff Robert Sampson has worked for Defendants from approximately February 2015 to the present. Plaintiff Sampson works as a driver for Defendants and transports loads between U.S. Postal Service locations within Washington. Plaintiff Sampson has a commercial driver's license issued by the state of Washington. Plaintiff Sampson performs work for Defendants in Washington, including in King County, Washington. Plaintiff Sampson is a resident of Everett, Washington.

3.3    <u>Plaintiff Jonn Caleb Goss.</u> Plaintiff Jonn Caleb Goss has worked for Defendants from approximately February 2015 to the present. Plaintiff Goss works as a driver for Defendants and transports loads between U.S. Postal Service locations within Washington. Plaintiff Goss has a commercial driver's license issued by the state of Washington. Plaintiff Goss performs work for Defendants in Washington, including in King County, Washington. Plaintiff Goss is a resident of Lynden, Washington.

3.4    <u>Defendant MTC Transportation Inc.</u> Defendant MTC Transportation Inc. ("MTC") is California corporation conducting business in Washington. Defendant MTC is a freight and cargo trucking company. Defendant MTC contracts with the U.S. Postal Service to transport mail between U.S. Postal Service locations across Washington state. Defendant MTC recruits individuals who reside in Washington to transport loads between U.S. Postal Service locations within Washington. Defendant MTC has employed Plaintiffs and dozens of other Washington-based drivers and has exercised control over how and when those employees were paid. Defendant MTC owns and operates Defendant Hi Pro and acts as its principal.

3.5    <u>Defendant Hi Pro Inc.</u> Defendant Hi Pro, Inc. ("Hi-Pro") is a California corporation conducting business in Washington. Defendant Hi Pro is owned and operated by Defendant MTC. Defendant Hi Pro executes Defendant MTC's contract with the U.S. Postal Service and delivers mail between U.S. Postal Service locations across Washington state. Defendant Hi Pro recruits individuals who reside in Washington to transport loads between U.S. Postal Service locations within Washington. Defendant Hi Pro has employed Plaintiffs and dozens of other

**Exh. A, Page 3 of 26**

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Washington-based drivers and has exercised control over how and when those employees were

2  paid.

3      3.6    Defendant Mark Clemons. Upon information and belief, Defendant Mark

4  Clemons has at all relevant times been the owner and managing officer of Defendants MTC and

5  Hi Pro, and has been engaged in running the companies' business, managing the companies'

6  finances, determining employment practices, maintaining employment records, and exercising

7  control over how Defendants MTC and Hi-Pro's employees are paid and their working

8  conditions. Defendant Clemons is a citizen of California. Defendant Clemons has employed

9  Plaintiffs and dozens of other employees in the state of Washington and has exercised control

10 over how and when those employees were paid. Defendant Clemons issued Plaintiffs'

11 paychecks and, on information and belief, has issued paychecks for all other members of the

12 class. At all relevant times, Defendant Clemons has been married to Jane Doe Clemons and did

13 the acts complained of in pursuit of financial gain or livelihood for himself individually and on

14 behalf of and for the benefit of his marital community.

15                **IV.  CLASS ACTION ALLEGATIONS**

16     4.1    Class Definition. Under Civil Rule 23(a) and (b)(3), Plaintiffs bring this case as a

17 class action against Defendants on behalf of the class defined as follows (the "Class"):

18          All current and former employees of MTC Transportation Inc.
           and/or Hi Pro Inc. who worked as drivers while residing in the
19          state of Washington at any time between May 16, 2012 and the
           final disposition of this action.
20
   Excluded from the class are any entity in which Defendants have a controlling interest or that
21
   has a controlling interest in Defendants, and Defendants' legal representatives, assignees, and
22
   successors. Also excluded are the judge to whom this case is assigned and any member of the
23
   judge's immediate family.
24

25

26

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

4.2     Numerosity. Plaintiffs believe that dozens of people have worked as driver employees for Defendants while residing in Washington during the proposed class period. The class members are so numerous that joinder of all members is impracticable. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

4.3     Commonality. There are numerous questions of law and fact common to the Plaintiffs and Class members. These questions include, but are not limited to, the following:

a.      Whether Defendants have engaged in a common course of failing to pay Class members at no less than minimum wage for all hours of work;

b.      Whether Defendants' actions gave rise to unilateral contract offers to pay Class members certain hourly rates for all hours of work;

c.      Whether the work performed by Class members constituted consideration and acceptance of Defendants' unilateral contract offers;

d.      Whether Defendants breached those contracts;

e.      Whether Defendants have engaged in a common course of failing to pay Class members overtime compensation for hours worked beyond 40 in a week;

f.      Whether Defendants have engaged in a common course of failing to provide Class members with a ten-minute rest break for every four hours of work;

g.      Whether Defendants have engaged in a common course of requiring Class members to work more than three consecutive hours without a rest break;

**Exh. A, Page 5 of 26**

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

h.    Whether Defendants have engaged in a common course of failing to ensure Class members have taken the rest breaks to which they are entitled;

i.    Whether Defendants have engaged in a common course of failing to ensure class members were provided with a system for recording missed rest breaks;

j.    Whether Defendants have engaged in a common course of failing to pay Class members an additional ten minutes of compensation for each missed rest break;

k.    Whether Defendants have engaged in a common course of failing to provide Class members with a thirty-minute meal break for every five hours of work;

l.    Whether Defendants have engaged in a common course of failing to ensure that Class members have taken the meal breaks to which they are entitled;

m.    Whether Defendants have engaged in a common course of failing to ensure class members were provided with a system for recording missed meal breaks;

n.    Whether Defendants have engaged in a common course of failing to pay Class members an additional thirty minutes of compensation for each missed meal break;

o.    Whether Defendants have engaged in a common course of making unlawful deductions to the wages of Class members;

p.    Whether Defendants' failure to pay all wages owed to Class members was willful;

q.    Whether Defendants have violated RCW 49.12.020;

CLASS ACTION COMPLAINT – 6

**Exh. A, Page 6 of 26**

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

r.    Whether Defendants have violated WAC 296-126-092;

s.    Whether Defendants have violated RCW 49.46.090;

t.    Whether Defendants have violated RCW 49.46.130;

u.    Whether Defendants have violated WAC 296-128-010;

v.    Whether Defendants have violated WAC 296-128-020;

w.    Whether Defendants have violated WAC 296-126-040;

x.    Whether Defendants have violated WAC 296-126-050;

y.    Whether Defendants have violated RCW 49.48.010;

z.    Whether Defendants have violated RCW 49.52.050;

aa.   Whether Defendants have violated RCW 49.52.060;

bb.   Whether Defendants have violated WAC 296-126-025;

cc.   Whether Defendants have violated WAC 296-126-028;

dd.   Whether Defendants have acted as fiduciaries of the MTC Transportation 401(k) Plan;

ee.   Whether Defendants have breached their fiduciary duties with regard to the MTC Transportation 401(k) Plan;

ff.   Whether Defendants have violated ERISA Section 403(a), 29 U.S.C. § 1103(a);

gg.   Whether Defendants have violated ERISA Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

hh.   Whether Defendants have violated ERISA Section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

ii.   Whether Defendants have violated ERISA Section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

jj.   Whether Defendants have violated ERISA Section 406(b)(1), 29 U.S.C. § 1106(b)(1);

CLASS ACTION COMPLAINT – 7          **Exh. A, Page 7 of 26**

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

kk.     Whether Defendants have violated ERISA Section 403(c)(1), 29 U.S.C. § 1103(c)(1);

ll.     Whether Defendants have failed to administer the MTC Transportation 401(k) Plan in accordance with ERISA;

mm.     Whether Defendants are liable for each other's breaches of fiduciary duty;

nn.     Whether Defendants have violated ERISA section 104(b)(3), 29 U.S.C. § 1024(b)(3); and

oo.     The nature and extent of Class-wide injury and the measure of compensation for such injury.

4.4     Typicality. Plaintiffs' claims are typical of the claims of the Class. Plaintiffs have performed work for Defendants as driver employees while residing in the state of Washington and thus are members of the Class. Plaintiffs' claims, like the claims of the Class, arise out of the same common course of conduct by the Defendants and are based on the same legal and remedial theories.

4.5     Adequacy. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained competent and capable attorneys who have significant experience in complex and class action litigation, including employment law. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the Class.

4.6     Predominance. Defendants have engaged in a common course of wage and hour abuse toward Plaintiffs and members of the Class. Defendants have also engaged in a common course of failing to administer the MTC Transportation 401(k) Plan in accordance with the requirements of ERISA. The common issues arising from this conduct that affect Plaintiffs and members of the Class predominate over any individual issues. Adjudication of these common

CLASS ACTION COMPLAINT – 8

**Exh. A, Page 8 of 26**

issues in a single action has important and desirable advantages of judicial economy.

4.7    Superiority. Plaintiffs and Class members have suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action, however, most Class members would likely find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendants' records.

## V.  SUMMARY OF FACTUAL ALLEGATIONS

5.1    Common Course of Conduct: Failure to Pay for All Hours of Work. Defendants have engaged in a common course of failing to pay Plaintiffs and Class members for each hour worked.

5.2    Defendants pay their drivers an hourly wage.

5.3    Defendants have engaged in a common course of failing to pay Plaintiffs and Class members at least minimum wage for all hours of work, including hours spent on "layovers." Drivers spend layovers waiting for loads to be ready for pickup. Defendants require drivers to clock out during layovers. While clocked out during these periods, drivers are "engaged to wait." Defendants instruct drivers not to leave their trucks during layovers, and drivers are responsible for their trucks during this time.

5.4    Defendants have had actual or constructive knowledge of the facts in paragraphs 5.1 through 5.3.

5.5    Common Course of Conduct: Failure to Provide Proper Rest Breaks. Defendants have engaged in a common course of failing to provide Plaintiffs and Class members with a paid ten-minute rest break for every four hours of work.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

5.6     Defendants have engaged in a common course or requiring or permitting Plaintiffs and Class members to work more than three consecutive hours without a rest break.

5.7     Defendants have engaged in a common course of failing to ensure Plaintiffs and Class members have taken the rest breaks to which they are entitled.

5.8     Defendants have engaged in a common course of failing to ensure class members were provided with a system for recording missed rest breaks.

5.9     Defendants have engaged in common course of failing to provide Plaintiffs and Class members with ten minutes of additional pay for each missed rest break.

5.10    Defendants have had actual or constructive knowledge of the facts in paragraphs 5.5 through 5.9.

5.11    <u>Common Course of Conduct: Failure to Provide Proper Meal Breaks.</u> Defendants have engaged in a common course of failing to provide Plaintiffs and Class members with a thirty-minute meal break for every five hours of work.

5.12    Defendants have engaged in a common course or requiring or permitting Plaintiffs and Class members to work more than five consecutive hours without a meal break.

5.13    Defendants have engaged in a common course of failing to ensure Plaintiffs and Class members have taken the meal breaks to which they are entitled.

5.14    Defendants have engaged in a common course of failing to ensure class members were provided with a system for recording missed meal breaks.

5.15    Defendants have engaged in common course of failing to provide Plaintiffs and Class members with thirty minutes of additional pay for each missed meal break.

5.16    Defendants have had actual or constructive knowledge of the facts in paragraphs 5.11 through 5.15.

5.17    <u>Common Course of Conduct: Failure to Pay Overtime Wages:</u> Defendants have engaged in a common course of failing to pay overtime wages to Plaintiffs and Class members for hours worked in excess of forty hours per week.

**Exh. A, Page 10 of 26**

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

5.18    Defendants compensate Plaintiffs and Class members on an hourly basis but do not pay Plaintiffs and Class members overtime wages for hours worked in excess of forty hours per week.

5.19    Plaintiff Runyan and two other drivers submitted complaints to the Washington State Department of Labor and Industries ("DLI") for unpaid overtime wages in 2017. Plaintiff Runyan's complaint sought overtime wages that Defendants failed to pay between December 2015 and March 2017.

5.20    In August 2017, DLI issued a Citation and Notice of Assessment against Defendants MTC and Clemons that found that Defendants MTC and Clemons had violated RCW 49.46.130 by failing to pay overtime wages. The Citation and Notice of Assessment required Defendants MTC and Clemons to pay certain overtime wages to Plaintiff Runyan and the two other drivers and to pay penalties to DLI. Defendants MTC and Clemons did not appeal the Citation.

5.21    Defendants MTC and Clemons provided payment to Plaintiff Runyan for unpaid overtime worked between December 2015 and March 2017.

5.22    During the course of DLI's investigation, Defendants repeatedly asserted that they are exempt from Washington's overtime laws despite DLI's conclusion that Defendants are subject to Washington's overtime laws.

5.23    Despite DLI's investigation, Defendants continued to fail to pay overtime wages Plaintiffs and Class members and continued to tell Plaintiffs and Class Members that Defendants are not required to comply with Washington's overtime laws.

5.24    Defendants have had actual or constructive knowledge of the facts in Paragraphs 5.17 through 5.23.

5.25    Common Course of Conduct: Failure to Reimburse Drivers for Necessary Business Expenses. Defendants have engaged in a common course of depriving Plaintiffs and Class members full reimbursement for all of their necessary business expenses.

**Exh. A, Page 11 of 26**

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

5.26    Since fall 2017, Defendants have required Plaintiffs and Class members to use their personal cellular phone to run a smartphone application called "Samsara Driver" to track miles, hours, layover, and payroll information. Defendants have told Plaintiffs and Class members that Defendants will not compensate Plaintiffs and Class members for the hours they work unless they use the Samsara Driver application to track their miles and hours.

5.27    Defendants have failed to reimburse Plaintiffs and Class members for expenses they incur as a result of Defendants' requirement that drivers use the Samsara Driver application, including data usage, wear and tear on their personal cellular phones, and purchase of smart phones.

5.28    Defendants have had actual or constructive knowledge of the facts in paragraphs 5.25 through 5.27.

5.29    <u>Common Course of Conduct: Failure to Maintain and Provide Accurate Wage Statements.</u>  Defendants have engaged in a common course of failing to keep true and accurate time records for all hours worked by Plaintiffs and Class members.

5.30    Defendants have engaged in a common course of failing to provide proper payroll documents to Plaintiffs and Class members.

5.31    Defendants have had actual or constructive knowledge of the facts set forth in Paragraphs 5.29 through 5.30.

5.32    <u>Common Course of Conduct: Failure to Provide Documents Regarding the MTC Transportation 401(k) Plan.</u>  Defendant MTC has engaged in a common course of failing to provide Plaintiffs and Class members documents regarding the MTC Transportation 401(k) Plan (the "Plan") in violation of ERISA's reporting and disclosure requirements.

5.33    Upon information and belief, Defendants established the Plan in 2012.

5.34    The Plan is an employee benefit plan within the meaning of ERISA Section 3(a), 29 U.S.C. § 1002(3), and is therefore subject to the coverage of ERISA under ERISA Section 4(a), 29 U.S.C. 1003(a).

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

5.35    At all relevant times, Defendant MTC has acted as the Plan Administrator, as defined by ERISA Section 3(16)(A), 29 U.S.C. § 1002(16)(A).

5.36    At all relevant times, Defendant MTC has acted as the Plan Sponsor, as defined by ERISA Section 3(16)(B), 19 U.S.C. § 1002(16)(B).

5.37    Defendant MTC has failed to provide Plaintiffs and Class members with a summary plan description, as required by ERISA Section 104(b), 29 U.S.C. § 1024(b).

5.38    Defendant MTC has failed to provide Plaintiffs and Class members with annual reports, as required by ERISA Section 104(b), 29 U.S.C. § 1024(b).

5.39    Plaintiffs and Class Members have repeatedly asked Defendant MTC for documents and information regarding the Plan, which Defendant MTC has refused to provide.

5.40    <u>Common Course of Conduct: Breaches of Fiduciary Duty.</u>  Defendants have engaged in a common course of breaching their fiduciary duties with respect to the Plan in violation of ERISA.

5.41    At all relevant times, Defendants MTC, Hi-Pro, and Clemons have exercised discretionary authority and control respecting management of the Plan, exercised authority and control respecting management and disposition of the Plan's assets, and had discretionary authority and responsibility in the administration of the Plan. Thus, Defendants are fiduciaries with respect to the Plan, as defined by ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), and parties-in-interest, as defined by ERISA Section 3(14), 29 U.S.C. § 1002(14).

5.42    At all relevant times, Defendant Clemons has acted as a trustee of the Plan.

5.43    Each pay period, Defendants automatically deduct a portion of Plaintiffs and Class members' wages as employee contributions to the Plan. Defendants represent to Plaintiffs and Class Members that these deductions are deposited into the Plan.

5.44    The wages withheld from Plaintiffs and Class Members as employee contributions are assets of the Plan within the meaning of ERISA Section 3(42), 29 U.S.C. § 1002(42).

**Exh. A, Page 13 of 26**

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

5.45    Defendants have failed to timely deposit the employee contributions they withhold from Plaintiffs and Class members into the Plan.

5.46    Upon information and belief, Defendants have commingled employee contributions with their general assets.

5.47    Upon information and belief, when Defendants finally remit employee contributions to the Plan, the contributions are remitted without interest.

5.48    Defendants have failed to assure that all Plan assets were collected by the Plan. Upon information and belief, when Defendants finally remit employee contributions to the Plan, they fail to deposit the full amount of wages that they withhold from Plaintiffs and Class Members.

## VI.  FIRST CLAIM FOR RELIEF

### (Violation of RCW 49.46.090 – Payment of Wages Less than Entitled)

6.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2    RCW 49.46.020 provides that every employer shall pay its employees not less than the minimum hourly wage in effect at the time the work is performed.

6.3    RCW 49.46.090 provides that "[a]ny employer who pays any employee less than wages to which such employee is entitled under or by virtue of [the Minimum Wage Act]. shall be liable to such employee affected for the full amount of such wage rate, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court."

6.4    "WAC 296-126-002(8) defines "hours worked" as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." The Washington State Department of Labor and Industries has interpreted "hours worked" to mean "all work requested, suffered, permitted or allowed," including "wait time." Wash. Dept. of Labor & Indus. Admin. Policy ES.C.2 at 1 (Rev. 2008).

**Exh. A, Page 14 of 26**

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    "'Hours worked' includes all time worked regardless of whether it is a full hour or less." *Id.*

2        6.5    By the actions alleged above, including failure to compensate Plaintiffs and Class

3    Members for hours spent waiting for loads to be ready during "layovers," Defendants have

4    violated provisions of RCW 49.46.090.

5        6.6    As a result of the unlawful acts of the Defendants, Plaintiffs and members of the

6    Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs

7    and members of the Class are entitled to the recovery of such damages, including interest

8    thereon, as well as attorney's fees and costs under RCW 49.46.090.

9                    **VII.  SECOND CLAIM FOR RELIEF**
                    **(Breach of Unilateral Contracts)**

10       7.1    Plaintiffs reallege and incorporate by reference each and every allegation set

11    forth in the preceding paragraphs.

12       7.2    Through Defendants' continuing course of contact, Defendants unilaterally

13    offered and agreed to pay to Plaintiffs and Class members certain hourly rates for all hours of

14    work.

15       7.3    By working for and maintaining employment with Defendants, Plaintiffs and

16    Class members accepted Defendants' offer and provided consideration.

17       7.4    Defendants breached their promise by failing to compensate Plaintiffs and Class

18    members for all hours of work, including hours spent waiting for loads to be ready during

19    "layovers."

20       7.5    As a result of the unlawful acts of Defendants, Plaintiffs and Class members have

21    been deprived of compensation in amounts to be determined at trial and are entitled to

22    recovery of such damages, including interest thereon. Plaintiffs and Class members are also

23    entitled to attorneys' fees and costs under RCW 49.48.030.

24

25

26

CLASS ACTION COMPLAINT – 15                    **Exh. A, Page 15 of 26**

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**VIII.  THIRD CLAIM FOR RELIEF**
**(Violations of RCW 49.12.020 and WAC 296-126-092 –**
**Failure to Provide Rest Breaks)**

8.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2    RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares the inadequate wages and unsanitary conditions of labor exert such pernicious effect."

8.3    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

8.4    Under RCW 49.12.005 and WAC 296-126-002, "conditions of labor" "means and includes the conditions of rest and meal periods" for employees.

8.5    WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

8.6    Under Washington law, Defendants have an obligation to provide employees with the rest breaks to which they are entitled.

8.7    Under Washington law, Defendants have an obligation to ensure that employees take the rest breaks to which they are entitled.

8.8    Under Washington law, Defendants have an obligation to ensure that employees are provided with a system for recording missed rest breaks.

8.9    Under Washington law, Defendants have an obligation to provide employees with ten minutes of additional pay for each missed rest break.

8.10    By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020 and WAC 296-126-092.

**Exh. A, Page 16 of 26**

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

8.11    As a result of the unlawful acts of the Defendants, Plaintiffs and members of the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and members of the Class are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

### IX.  FOURTH CLAIM FOR RELIEF
### (Violations of RCW 49.12.020 and WAC 296-126-092 –
### Failure to Provide Meal Periods)

9.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2    RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares the inadequate wages and unsanitary conditions of labor exert such pernicious effect."

9.3    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

9.4    Under RCW 49.12.005 and WAC 296-126-002, "conditions of labor" "means and includes the conditions of rest and meal periods" for employees.

9.5    WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts, and the meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

9.6    The "failure to provide meal periods is a wage violation." *Hill v. Garda CL Nw.*, Inc., 198 Wn. App. 326, 362, 394 P.3d 390, 409 (2017), review granted in part, denied in part, 189 Wn.2d 1016, 403 P.3d 839 (2017).

**Exh. A, Page 17 of 26**

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

9.7     Under Washington law, Defendants have an obligation to provide employees with the meal breaks to which they are entitled.

9.8     Under Washington law, Defendants have an obligation to ensure that employees take the meal breaks to which they are entitled.

9.9     Under Washington law, Defendants have an obligation to ensure that employees are provided with a system for recording missed meal breaks.

9.10    Under Washington law, Defendants have an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

9.11    By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020 and WAC 296-126-092.

9.12    As a result of the unlawful acts of the Defendants, Plaintiffs and members of the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and members of the Class are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## X.  FIFTH CLAIM FOR RELIEF

### (Violations of RCW 49.46.130 – Failure to Pay Overtime Wages)

10.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2    RCW 49.46.130(1) provides that "no employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10.3    Defendants did not compensate Plaintiffs and Class members for overtime hours worked.

10.4    WAC 296-126-092 requires employers to pay employees for the rest break time to which the employees are entitled. Because Defendants failed to ensure Plaintiffs and Class

**Exh. A, Page 18 of 26**

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   members received the paid rest breaks to which they were entitled, the overtime provisions of

2   RCW 49.46.130 are also triggered when the unpaid rest break time extends the employee's

3   workweek beyond forty hours.

4       10.5    RCW 49.46.020 requires employers to pay employees at least minimum wage for

5   all hours worked. Because Defendants failed to compensate Plaintiffs and Class members for all

6   hours of work, the overtime provisions of RCW 49.46.130 are also triggered when the unpaid

7   hours of work extend the employee's workweek beyond forty hours.

8       10.6    As a result of the unlawful acts of the Defendants, Plaintiffs and members of the

9   Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs

10  and members of the Class are entitled to recovery of such damages, including interest thereon,

11  as well as attorney's fees and costs under RCW 49.46.090.

## XI.  SIXTH CLAIM FOR RELIEF
### (Violation of RCW 49.52.060 and WAC 296-126-028 — Unlawful Deductions and Rebates)

14      11.1    Plaintiffs reallege and incorporate by reference each and every allegation set

15  forth in the preceding paragraphs.

16      11.2    Pursuant to RCW 49.52.060 and WAC 296-126-028, an employer may not make

17  deductions from employee's wages except in limited circumstances.

18      11.3    Under Washington law, deductions and rebates must be identified and recorded

19  "openly and clearly in employee payroll records." WAC 296-126-028(5); *see also* RCW

20  49.52.060; WAC 296-128-010(9).

21      11.4    Defendants made deductions and collected rebates from the wages of Plaintiffs

22  and Class members by failing to reimburse drivers for all necessary business expenses.

23      11.5    By the actions alleged above, Defendants have violated RCW 49.52.060 and WAC

24  296-126-028 by failing to reimburse Plaintiffs and Class Members for the use their personal

25  cellular phones to track miles, hours, layover, and payroll information.

26

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    11.6    As a result of the unlawful acts of Defendants, Plaintiffs and the Class have been

2    deprived of compensation in amounts to be determined at trial. Pursuant to RCW 49.52.060

3    and WAC 296-126-028, Plaintiff and the Class are entitled to recovery of such damages,

4    including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070 and RCW

5    49.48.030.

6    ### XII.  SEVENTH CLAIM FOR RELIEF

7    **(Violation of RCW 49.48.010 — Unpaid Wages on Termination)**

8    12.1    Plaintiffs reallege and incorporate by reference each and every allegation set

9    forth in the preceding paragraphs.

10    12.2    RCW 49.48.010 provides that "[w]hen any employee shall cease to work for an

11    employer, whether by discharge or by voluntary withdrawal, the wages due him or her on

12    account of his or her employment shall be paid to him or her at the end of the established pay

13    period." The statute further provides that "[i]t shall be unlawful for any employer to withhold

14    or divert any portion of an employee's wages . . . ."

15    12.3    By the actions alleged above, Defendants have violated the provisions of RCW

16    49.48.010 by failing to pay wages to Plaintiff Runyan and Class members, by failing to pay

17    wages to Plaintiff Runyan and Class members for all hours of work, by failing to pay overtime

18    wages to Plaintiff Runyan and Class members, and by failing to pay Plaintiff Runyan and Class

19    members for missed rest and meal breaks.

20    12.4    As a result of the unlawful acts of Defendants, Plaintiff Runyan and members of

21    the Class have been deprived of compensation in amounts to be determined at trial, and

22    Plaintiffs and members of the Class are entitled to the recovery of such damages, including

23    interest thereon, attorneys' fees under RCW 49.48.030, and costs.

24

25

26

CLASS ACTION COMPLAINT – 20

**Exh. A, Page 20 of 26**

### XIII.  EIGHTH CLAIM FOR RELIEF

### (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

13.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2    RCW 49.52.050(2) provides that "[a]ny employer or officer, vice principal or agent of any employer . . . who . . . [w]illfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

13.3    Defendants' violations of RCW 49.46.090, RCW 49.12.020, WAC 296-216-092, RCW 49.46.130, RCW 49.52.060, WAC 296-126-028, and RCW 49.48.010 and Defendants' breaches of contract as discussed above, were willful and constitute violations of RCW 49.52.050.

13.4    RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorney's fees, and costs.

13.5    As a result of the willful, unlawful acts of the Defendants, Plaintiffs and members of the Class have been deprived of compensation in amounts to be determined at trial and Plaintiffs and members of the Class are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

### XIV.  NINTH CLAIM FOR RELIEF

### (Breaches of Fiduciary Duty in violation of ERISA)

14.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

14.2    ERISA provides that a participant may bring an action for breach of fiduciary duty to "recover benefits due to him under the terms of his plan, to enforce his rights under the

CLASS ACTION COMPLAINT – 21

**Exh. A, Page 21 of 26**

terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

14.3    By the actions alleged above, Defendants have breached their fiduciary duties to Plaintiffs and Class members by:

14.3.1    Failing to ensure that all assets of the Plan were held in trust by one or more trustees, in violation of ERISA Section 403(a), 29 U.S.C. § 1103(a);

14.3.2    Failing to ensure that the assets of the Plan did not inure to the benefit of Defendants in violation of ERISA Section 403(c), 29 U.S.C. § 1103(c);

14.3.3    Failing to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the Plan in violation of ERISA Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

14.3.4    Failing to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims, in violation of ERISA Section 404(a)(1)(B), 29 U.S.C. § 104(a)(1)(B);

14.3.5    Causing the Plan to engage in transactions that they knew or should have known constituted the direct or indirect lending of money or other extension of credit between the Plan and themselves in violation of ERISA Section 406(a)(1)(B), 29 U.S.C. § 1006(a)(1)(B);

14.3.6    Causing the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets by or for the benefit of a party in interest, in violation of ERISA Section 406(a)(1)(D), 29 U.S.C. § 1006(a)(1)(D);

14.3.7    Dealing with Plan assets in their own interest and for their own account, in violation of ERISA Section 406(b)(1), 29 U.S.C. § 1006(b)(1).

**Exh. A, Page 22 of 26**

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

14.4    By knowingly participating in the fiduciary breaches of one another, knowing such acts or omissions to be breaches of fiduciary duty, Defendants are each liable for the other Defendants' breaches of fiduciary duty under Section 405(a)(1) of ERISA, 29 U.S.C. § 1105(a)(1).

14.5    By failing to comply with Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1), in the administration of their fiduciary duties and thereby enabling the other Defendants to commit breaches of ERISA, each Defendant is liable for the other Defendants' breaches of fiduciary duty under Section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2).

14.6    By failing to make reasonable efforts under the circumstances to remedy the breaches of which they had knowledge, Defendants are each liable for the other Defendants' fiduciary breaches under Section 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

14.7    Defendants have profited from their fiduciary breaches which have provided them use of money owed to the Plan for their general business and personal purposes. Defendants' fiduciary breaches have resulted in a loss to the Plan equal to the foregone funding and earnings thereon. The Plan is entitled to the recovery of such damages, including interest thereon, attorneys' fees, and costs under ERISA section 502(g), 29 U.S.C. § 1132(g).

### XV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own and on behalf of the members of the Class, pray for judgment against Defendants as follows:

A.    Certify the proposed Class;

B.    Appoint Bruce Runyan, Robert Sampson, and Jonn Caleb Goss as representatives of the Class;

C.    Appoint the undersigned attorneys as counsel for the Class;

D.    Award compensatory and exemplary damages to Plaintiffs and Class members for violation of Washington's wage and hour laws, in amounts to be proven at trial;

E.    Order Defendants to restore to the Plan all losses, including interest or lost opportunity costs, which occurred as a result of their violations of ERISA;

CLASS ACTION COMPLAINT – 23

**Exh. A, Page 23 of 26**

1    F.    Award attorney's fees and costs to Plaintiffs and Class members, as allowed by

2    law;

3    G.    Award prejudgment and post-judgment interest to Plaintiffs and Class members,

4    as provided by law;

5    H.    Permit Plaintiffs and members of the Class leave to amend the complaint to

6    conform to the evidence presented at trial; and

7    I.    Grant such other and further relief as the Court deems necessary, just, and

8    proper.

9    RESPECTFULLY SUBMITTED AND DATED this 16th day of May, 2018.

10   TERRELL MARSHALL LAW GROUP PLLC

11   By: /s/ Toby J. Marshall, WSBA #32726
12       Toby J. Marshall, WSBA #32726
         Email: tmarshall@terrellmarshall.com
13       Erika L. Nusser, WSBA #40854
         Email: enusser@terrellmarshall.com
14       Maria Hoisington-Bingham, WSBA #51493
         Email: mhoisington@terrellmarshall.com
15       936 North 34th Street, Suite 300
         Seattle, Washington 98103
16       Telephone: (206) 816-6603
17       Facsimile: (206) 319-5450

18   REKHI & WOLK, P.S.
19
20   By: /s/ Hardeep S. Rekhi, WSBA #34579
         Hardeep S. Rekhi, WSBA #34579
21       Email: hardeep@rekhiwolk.com
         Gregory A. Wolk, WSBA #28946
22       Email: greg@rekhiwolk.com
23       529 Warren Avenue North, Suite 201
         Seattle, Washington 98109
24       Telephone: (206) 388-5887
         Facsimile: (206) 577-3924
25

26   *Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT – 24

**Exh. A, Page 24 of 26**

FILED
18 MAY 16 PM 3:48

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-12384-4 SEA

1

2

3

4              IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

5                                   COUNTY OF KING

6    BRUCE RUNYAN, ROBERT SAMPSON, and          NO.
     JONN CALEB GOSS on behalf of themselves
7    and on behalf of all others similarly situated,   **SUMMONS (20 DAYS)**
     and on behalf of the MTC Transportation
8    401(k) Plan,

9                                   Plaintiffs,

                          v.
10   MTC TRANSPORTATION INC. d/b/a/ MARK
     CLEMONS, a California corporation, HI PRO
11   INC., a California corporation, and MARK
     CLEMONS individually and/or the marital
12   community composed of MARK CLEMONS and
     JANE DOE CLEMONS,
13

14                                  Defendants.

15

16   TO:      HI PRO, INC.:

17           A lawsuit has been started against you in the above-entitled court by the above-named

18   Plaintiffs. Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you

19   with this Summons.

20           In order to defend against this lawsuit, you must respond to the Complaint by stating your

21   defense in writing, and serve a copy upon the undersigned attorneys for Plaintiffs within twenty

22   (20) days after the service of this Summons, excluding the day of service. If you do not respond, a

23   default judgment may be entered against you without notice. A default judgment is one in which

24   Plaintiffs are entitled to what they ask for because you have not responded.  If you serve a notice

25   of appearance on the undersigned attorneys, you are entitled to notice before a default judgment

26   may be entered.

SUMMONS (20 DAYS) – 1              **Exh. A, Page 25 of 26**

1    You may demand that Plaintiffs file this lawsuit with the court. If you do so, the demand

2    must be in writing and must be served upon Plaintiffs. Within fourteen (14) days after you serve

3    the demand, Plaintiffs must file this lawsuit with the court, or the service on you of this Summons

4    and Complaint will be void.

5    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

6    that your written response, if any, may be served on time.

7    This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of

8    Washington.

9    RESPECTFULLY SUBMITTED AND DATED this 16th day of May, 2018.

10    TERRELL MARSHALL LAW GROUP PLLC

11    By:  /s/ Toby J. Marshall, WSBA #32726

12    Toby J. Marshall, WSBA #32726
      Email:  tmarshall@terrellmarshall.com

13    Erika L. Nusser, WSBA #40854
      Email: enusser@terrellmarshall.com

14    Maria Hoisington-Bingham, WSBA #51493

15    Email:  mhoisington@terrellmarshall.com
      936 North 34th Street, Suite 300

16    Seattle, Washington 98103

17    Telephone: (206) 816-6603
      Facsimile: (206) 319-5450

18

19    REKHI & WOLK, P.S.

20    By:  /s/ Hardeep S. Rekhi, WSBA #34579
      Hardeep S. Rekhi, WSBA #34579

21    Email:  hardeep@rekhiwolk.com

22    Gregory A. Wolk, WSBA #28946
      Email:  greg@rekhiwolk.com

23    529 Warren Avenue North, Suite 201
      Seattle, Washington 98109

24    Telephone: (206) 388-5887

25    Facsimile: (206) 577-3924

26    *Attorneys for Plaintiffs*

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**Exh. A, Page 26 of 26**