|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| BRUCE RUNYAN et al., | CASE NO. C18-915 MJP |
|---|---|
| Plaintiff, | ORDER REMANDING CASE |
| v. | |
| MTC TRANSPORTATION, INC, | |
| Defendants. | |

THIS MATTER comes before the Court on Plaintiffs' Motion for Class Certification (Dkt. No. 26). Having reviewed the Motion, the Response (Dkt. No. 47), the Reply (Dkt. No. 56), and all related papers, the Court REMANDS this case to the King County Superior Court.

**Background**

Plaintiffs Bruce Runyan, Robert Sampson, and John Caleb Goss are former and current employees of Defendant trucking company MTC and its owner, Mark Clemons, who allege Defendants violated Washington employment laws by failing to properly compensate the

1 | Plaintiffs or provide adequate rest and meal breaks.  (Dkt. No. 22, First Amended Complaint ("FAC").)

On May 16, 2018, Plaintiffs filed a complaint in King County Superior Court alleging breach of contract, seven causes of action under Washington's employment laws, and a single claim alleging that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. (Dkt. No. 1, Ex. 2 ("Compl.").)  On June 21, 2018, Defendants removed the action to this Court, asserting that Plaintiffs' ERISA claim grants this Court with federal question jurisdiction under 28 U.S.C. § 1441(c). (Dkt. No. 1 at 3.)  No other basis for federal jurisdiction was cited. (Id.)  On August 16, 2019, Plaintiffs filed their First Amended Complaint ("FAC"), which eliminated the ERISA claim and exclusively concerns the breach of contract claim and six causes of action under Washington's employment laws. (FAC, Claims I-VII.)  The FAC does not include a federal cause of action. (Id.)

After Plaintiffs filed their amended complaint, they brought the instant motion for class certification. (Dkt. No. 26.)

**Discussion**

Because the Plaintiffs' First Amended Complaint no longer contains federal claims or any other basis for federal jurisdiction, the question before the Court is whether "retaining jurisdiction over the case would be inappropriate." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988); (See FAC.)

Under 28 U.S.C.A. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In this case, there are only state law claims left, satisfying the second and third factors under 28 U.S.C.A. § 1367(c). Indeed, the amended complaint contains no remaining facts related to the sole federal claim alleged in the original complaint. (FAC at ¶¶ 5.1-5.27.) Where "all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon, 484 U.S. at 350 n. 7; United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir.), as amended (Oct. 1, 1997) (recognizing that "state law claims 'should' be dismissed if federal claims are dismissed before trial").

Further, the Supreme Court has been explicit in its direction that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). This principal is especially applicable here, where the Parties ask the Court to interpret Washington statutes and administrative codes. (See, e.g., FAC at ¶¶ 4.3p-aa). The Court therefore declines to exercise pendant jurisdiction over the state claims in this matter.

//

//

//

**Conclusion**

Because Plaintiffs' amended complaint does not contain any federal claims and the case remains in its early stages, the Court declines to exercise pendant jurisdiction over the remaining claims and REMANDS this case to the King County Superior Court.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 27, 2020.

Marsha J. Pechman
United States District Judge